COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION _____
CASE NO. _____
[*Electronically Filed*]

**RANDY BLYE**                                                                                           **PLAINTIFF**
**517 W. MUHAMMED ALI BLVD.**
**LOUISVILLE, KY 40203**

v.

**LEADEC CORPORATION**
**DEFENDANT**

        **SERVE:**    Corporation Service Company
                       421 West Main Street
                       Frankfort, KY 40601

## COMPLAINT

*Trial by Jury Demanded*

Comes now the Plaintiff, Randy Blye ("Mr. Blye" or "Plaintiff"), by and through his counsel, and for his Complaint against the Defendant, Leadec Corp., (hereinafter "Leadec" or "Defendant") states as follows:

### PARTIES

1.    Mr. Blye resides 517 West Muhammed Ali Blvd., Louisville, Kentucky 40203, and, at all times relevant to this action, has been a resident of Jefferson County, Kentucky. Mr. Blye was an employee of Leadec Corp. from approximately late 2016 to early 2017, up

      until November 22, 2017 at the Ford Motor Company Assembly Plant located at 2000 Fern Valley Road, Louisville, Kentucky 40213.

2. Defendant Leadec Corp. is a foreign corporation conducting business in Kentucky with it's principal office located at 9395 Kenwood Road, Suite 200, Cincinnati, Ohio 45242. Leadec, Corp. employs a staff at a Ford Motor Company Assembly Plant at 2000 Fern Valley Road, Louisville, Kentucky 40213.

## JURISDICTION AND VENUE

3. Mr. Blye's causes of action are brought pursuant to the Kentucky Civil Rights Act, KRS 344 *et seq.*, the Family Medical Leave Act ("FMLA"), 28 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

4. Jurisdiction is proper in the Jefferson Circuit Court pursuant to KRS 23 A 010(1), KRS 344.450, and 29 U.S.C. § 2601.

5. Venue in this action is proper in the Jefferson Circuit Court because, *inter alia*, injury arising from these events was done to the Plaintiff in Jefferson County and Mr. Blye resides in Jefferson County.

## FACTUAL ALLEGATIONS

6. Mr. Blye was hired on or about February of 2016 by Voith as a janitor at Ford Motor Company Assembly plant in Louisville, Kentucky.

7. On or around late 2016 or early 2017, Leadec Corp. took over for Voith and as Mr. Blye's employer.

8. On or about April 3, 2017, Mr. Blye formally requested to utilize Family Medical Leave Act (FMLA) for a serious medical condition, schizophrenia.

9. On or about April 4, 2017, Leadec responded to Mr. Blye's FMLA request. In that response, Leadtec determined Mr. Blye was eligible for FMLA leave and requested he complete a medical certification form by April 17, 2017.

10. Mr. Blye's doctor completed the required paperwork and returned the form to Leadec on April 15, 2017.

11. On April 19, 2017, Leadec approved Mr. Blye's request for FMLA leave.

12. Almost immediately upon Mr. Blye's notice of his intention to utilize FMLA leave, Mr. Blye was subjected to disciplinary action by his supervisor, John Westrich.

13. On April 12, 2017, Mr. Blye was issued a written warning for allegedly failing to clean the Route 2 Men's bathroom as instructed by his supervisor.

14. Mr. Blye did not agree that he had been insubordinate or failed to complete his duties and refused to sign this disciplinary action.

15. Throughout the period of time between April 19, 2017 and Mr. Blye's termination on November 22, 2017, Mr. Blye utilized approved FMLA leave.

16. On August 5, 2017, Mr. Blye and other members of the janitorial crew were instructed in their duties for the day. Part of those duties were to clean specific "POU's" and guard rails. Mr. Blye and other team members were unfamiliar with the terminology and unclear on where these "POU's" were located.

17. During a break, Mr. Westrich and Tony Amon entered the break room and indicated that the "POU's" and guard rails had been missed. Mr. Blye and other team members expressed their confusion to their supervisors.

18. A number of people were personally shown the locations of the "POUs" and then

Filed                18-CI-004796    08/16/2018        David L. Nicholson, Jefferson Circuit Clerk

provided an opportunity to go back and clean the missed areas. Mr. Blye was not afforded such an opportunity or demonstration by the supervisors.

19. On August 8, 3017, Mr. Blye was given a written warning for failing to clean the guardrails, fire hydrants, red pipes, and "POUs" as instructed, even though he had not been provided the same assistance by his supervisors that was afforded to his co-workers.

20. Mr. Blye did not agree with this disciplinary action and did not sign the written warning.

21. On August 8, 2017, Mr. Blye was bitten by a spider on his arm while working his shift. Mr. Blye reported the incident to Tony Amon and John Westrich. Initially, Mr. Blye was denied medical treatment.

22. Over the next couple of days, the pain increased and the wound became infected. Mr. Blye went to the hospital for treatment.

23. Upon his return to his next scheduled shift, August 12, 2017, Mr. Blye requested his supervisor, Mr. Westrich, escort Mr. Blye to the worker's compensation medical unit for treatment of his spider bite.

24. Per Leadec policy, a supervisor must escort an employee to the medical unit in order for the medical unit to approve an employee's treatment.

25. First, Mr. Westrich erroneously attempted to scold Mr. Blye for not seeking medical attention during his days off work. Then, Mr. Westrich instructed Mr. Blye to take himself to the medical unit.

26. Mr. Westrich refused to escort Mr. Blye to the medical unit.

27. Another supervisor, Josh Miller, offered to escort Mr. Blye but was denied permission to leave the work area by Mr. Westrich.

Filed                18-CI-004796    08/16/2018        David L. Nicholson, Jefferson Circuit Clerk

28. Nick Dean, a union representative who does not hold a supervisory position of authority, ultimately escorted Mr. Blye to the medical unit.

29. The medical unit rejected treating Mr. Blye since a supervisor did not escort him to sign off on the treatment. Mr. Dean contacted Mr. Westrich to come to the medical unit so Mr. Blye could receive treatment. Mr. Westrich did not appear at the medical unit until two and a half hours after he was contacted by Mr. Dean.

30. Mr. Blye filed a union grievance about Mr. Westrich's treatment of him with regard to refusing to help him receive medical assistance.

31. Mr. Blye was initially allowed to eat a breakfast upon arrival for the shift. Mr. Blye routinely took his prescription medication upon his arrival and was required to eat when taking his medication. In August, employees were no longer permitted to eat breakfast when they arrived for their shift and Mr. Blye could therefore not eat with his medication, as required.

32. On August 28, 2017, Mr. Blye provided medical documentation to his attending supervisor indicating Mr. Blye's current diagnoses of Schizoaffective Disorder and Post Traumatic Stress Disorder. This medical documentation also informed Leadec of Mr. Blye's prescription for Valium.

33. That same day, a second letter dated August 28, 2017 was provided by Mr. Blye to Leadec. This letter was also from Mr. Blye's treatment provider and requested that Leadec accommodate Mr. Blye by allowing him to eat when he takes his medication.

34. Leadec did not grant Mr. Blye an accommodation to allow him to eat with his medication.

35. On August 31, 2017, Mr. Dean conducted a phone conference with Mr. Blye, Derek Cotton, and Jaime Golden about Mr. Blye's complaint that Mr. Westrich refused to take Mr. Blye for medical treatment for the spider bite.

36. During the August 31, 2017 phone conference, Mr. Blye told all individuals involved that he was in discussions with a corporation human resources representative, Nicky Nelson, and that Ms. Nelson had directed him only to communicate with her about the unfair treatment Mr. Blye was experiencing.

37. On September 12, 2017, Mr. Blye was again given a disciplinary action by Mr. Westrich. This time, Mr. Blye was given a written warning for his attendance for allegedly leaving work early on Tuesday, September 5, 2017. A point was assessed against him on his attendance record. Mr. Blye refused to sign the written warning.

38. Mr. Blye contested the written warning and ultimately the disciplinary action was rescinded because all the janitorial employees were allowed to leave early on Tuesday, September 5, 2017.

39. On October 31, 2017, Mr. Blye was again issued a discipline for allegedly failing to complete the cleaning of the Route 2 Men's bathroom. For this allegation, Mr. Blye was required to serve an in-house suspension on November 5, 2017.

40. On November 22, 2017, Mr. Blye fell ill. Mr. Blye had not been allowed to eat food while taking his medication that evening. Mr. Blye believed he was suffering an issue with his blood pressure and so Mr. Blye took his blood-pressure medication.

41. After taking the medication, Mr. Blye's condition did not improve. Mr. Blye became drowsy and light-headed.

42. Mr. Blye requested to take a break in order to get water, sit down, and manage his illness. Mr. Blye was taking a break during a period of time in which he was normally permitted to take breaks.

43. Mr. Blye went to the breakroom. Dave [last name unknown] entered the break room and allegedly observed Mr. Blye with his eyes closed.

44. Upon information and belief, Dave was overheard telling another employee that Dave had finally gotten rid of Mr. Blye, like Mr. Westrich had been trying to do for a while.

45. Mr. Blye was fired for allegedly sleeping on the job.

46. On November 22, 2017, Mr. Blye submitted a union grievance through representative, Nicholas Dean, seeking reinstatement at his job and lost wages.

47. Mr. Blye's grievance was denied by a company representative [name unknown] on November 27, 2017.

48. On May 8, 2018, Mr. Blye filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination against Leadec.

49. On May 18, 2018, the EEOC issued a "right to sue" letter to Mr. Blye.

### CAUSES OF ACTION

### I. DISCRIMINATION ON THE BASIS OF DISABILITY OR PERCEIVED DISABILITY

50. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

51. Plaintiff's claims against Defendant Leadec arises under the ADA, 42 U.S.C. § 12101 *et seq.*, and the Kentucky Civil Rights Act (KCRA), KRS 344 *et seq.*, and relate to his employment by Defendant.

52. The Defendant is an employer within the meaning of 42 U.S.C. § 12111 and KRS 344.030.

53. The Plaintiff suffers from a disability and/or the Defendant perceived the Plaintiff's diagnoses as disabilities.

54. The Plaintiff suffered adverse employment actions when he was disciplined numerous times by the Defendant and ultimately terminated from his employment with the Defendant.

55. The Plaintiff's disability and/or perceived disability were motivating factors in deciding, and did make a difference in the decisions, to take the above described adverse employment actions against the Plaintiff. In light of the foregoing, the Defendant has committed against the Plaintiff the unlawful practice of discrimination against an individual because of his disability or perceived disability, pursuant to the ADA, 42 U.S.C. § 12101 *et seq.* and the KCRA, KRS 344 *et seq.*

56. As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, emotional stress, and mental anxiety, for all of which he should be compensated.

57. The Defendant's actions were knowing and wilful.

## II. VIOLATION OF 29 U.S.C. § 2615 FMLA RETALIATION

58. The Plaintiff incorporates each and every allegation of all preceding paragraphs, as if fully stated herein.

59. The Defendant is an employer within the meaning of 29 U.S.C. § 2611.

60. Mr. Blye exercised his rights under the FMLA when he utilized approved FMLA leave.

Filed 18-CI-004796 08/16/2018 David L. Nicholson, Jefferson Circuit Clerk

61. Mr. Blye suffered numerous adverse employment actions when the Defendants unjustly punished Mr. Blye and ultimately terminated him on November 22, 2018.

62. There is a causal connection between Ms. Blye's exercise of his rights under the FMLA and the adverse employment action to which he was subjected.

63. The Defendant's actions were intentional, willful, oppressive, fraudulent, and/or malicious.

## PRAYER FOR RELIEF

64. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

65. Wherefore, the Plaintiff demands as follows:

   a. Judgment that the Defendant's conduct is in violation of the Plaintiff's rights;

   b. Compensatory damages, in an amount to be proven at trial, including, but not limited to, any and all compensatory, consequential, economic, and non-economic damages suffered;

   c. Damages inthe form of back pay and benefits;

   d. Equitable relief in the form of reinstatement and/or front pay;

   e. Liquidated damages;

   f. Pre- and post- judgment statutory interest;

   g. Damages to compensate for the humiliation, embarrassment, personal indignity, apprehension about past, current, and future well-being, emotional distress and mental anguish which have been caused Plaintiff by the Defendant's wrongful acts;

   h. Punitive damages for the Defendant's intentional, oppressive, fraudulent, and/or

Filed 18-CI-004796 08/16/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-004796   08/16/2018        David L. Nicholson, Jefferson Circuit Clerk

malicious conduct towards him;

i. An amount to compensate for the tax consequences of any damages award;

j. All equitable relief deemed appropriate by this court;

k. Interest, costs, and attorneys' fees to the extent available under law;

l. Leave to amend this Complaint as further proof develops; and

m. Any such further relief as this Court may deem just and proper.

### JURY DEMAND

56. The Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted,

/s/ *Kelly M. Parry*
Kelly M. Parry
Abney Law Office, PLLC
624 West Main Street
Fifth Floor
Louisville, Kentucky 40202
Tel: (502) 498-8585
Email: kparry@abneylegal.com
*Counsel for Plaintiff*

Filed          18-CI-004796   08/16/2018        David L. Nicholson, Jefferson Circuit Clerk

Package: 000012 of 000012
Presiding Judge: HON. BRIAN EDWARDS (630312)
Package : 000012 of 000012